UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBERT FRANKLIN POWELL, | ) | 1:04cv6550 DLB |
| | ) | |
| | ) | |
| | ) | ORDER REGARDING PLAINTIFF'S |
| Plaintiff, | ) | SOCIAL SECURITY COMPLAINT |
| | ) | |
| v. | ) | |
| | ) | |
| JO ANNE B. BARNHART, Commissioner | ) | |
| of Social Security, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**BACKGROUND**

Plaintiff Robert Franklin Powell ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for supplemental security income pursuant to Title XVI of the Social Security Act. The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to the Honorable Dennis L. Beck, United States Magistrate Judge.[1]

---

[1] The parties consented to the jurisdiction of the United States Magistrate Judge. On November 22, 2005, the Honorable Robert E. Coyle reassigned the case to the undersigned for all purposes.

1

**FACTS AND PRIOR PROCEEDINGS**[2]

Plaintiff filed an application for supplemental security income on August 23, 2001, alleging disability since August 11, 1995, due to "poor vision, lack of concentration, diminished L arm capability, vision and & migraines make safe driving impossible." AR 116-118, 126-135. After Plaintiff's application was denied initially and on reconsideration, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). AR 98-101, 106-109, 110. ALJ Michael J. Haubner held a hearing on October 9, 2003, and denied benefits on October 30, 2003. AR 27-66, 14-21. The Appeals Council denied review on July 9, 2004. AR 8-10.

Plaintiff filed a previous application, which was denied by an ALJ on November 23, 1999. AR 70-77.

Hearing Testimony

ALJ Haubner held a hearing in Fresno, California, on October 9, 2003. AR 27. Plaintiff appeared without a representative. Vocational expert ("VE") Thomas Dachelet also appeared and testified.

Plaintiff testified that he was 41years old at the time of the hearing and received his GED. AR 40. His past jobs include truck driver, clerk, maintenance person, security guard and laborer. AR 41.

Plaintiff explained that he does not see a doctor on a regular basis and last saw a doctor in 2001. AR 46. He currently takes medication for his high blood pressure. AR 46. Plaintiff lives with his aunt and takes care of all of his personal needs. AR 47. He prepares meals about once a day and does the dishes about once a week. AR 47. He does laundry approximately twice a month. AR 48. He does not have a driver's license and usually relies on his aunt for rides. AR 48. He does not go shopping, eat out, or go to church. AR 48. He stays home during the day and uses the computer for two to three hours and reads for one hour. AR 49. He watches television for about three hours a day. AR 50. He also tries to take care of things around the house, such as laundry, dishes, taking out trash and vacuuming. AR 49. He takes out the trash

---

[2] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

approximately once a week and vacuums about twice a month. He dusts about once a month. AR 49.

Plaintiff explained that he has been using cane for the last week, but it was not prescribed. AR 50. He testified that degenerative bone disease in his spine keeps him from working. AR 50. He has never received any psychiatric or psychological treatment, nor has he been referred for such treatment. AR 50.

Plaintiff thought he could stand for 10 to 15 minutes at one time, for a total of one hour in an eight hour day. AR 52-53. He could lift and carry about ten pounds. AR 53. If he could shift around in his chair, he thought he could sit for about 20 minutes at one time, for a total of two hours in an eight hour workday. AR 54, 57.

For the first hypothetical question, the ALJ asked the VE to assume an individual who could lift and carry 20 pounds occasionally, 10 pounds frequently, occasionally bend, stoop, and crouch, but could not reach greater than 90 degrees above the left shoulder. This person had to avoid complex tasking. The VE testified that this person could perform Plaintiff's past relevant work as a security guard. AR 63. In the national economy, this person could perform the full range of sedentary work and 50% of light level positions. AR 63.

For the second hypothetical, the ALJ asked the VE to assume an individual who could lift and carry 20 pounds occasionally, 10 pounds frequently, and occasionally stoop, kneel, crouch and crawl. The VE testified that this person could perform Plaintiff's past relevant work as a security guard. In the national economy, this person could perform the full range of sedentary work and 50% of the light level positions. AR 64.

For the third hypothetical, the ALJ asked the VE to assume an individual who could lift and carry 10 pounds frequently and occasionally, could stand 10-15 minutes at a time, for a total of one hour out of eight. This person could sit for 20 minutes at a time, for a total of two hours out of eight. This person could not perform any of Plaintiff's past relevant work, or any other jobs in the national economy. AR 65.

Medical Evidence

On November 21, 2001, Plaintiff saw consultive examiner Gilbert Gonzales, M.D. Plaintiff complained of pain in his left shoulder and neck. He diagnosed rotator cuff strain, possible cervical radiculopathy with tingling to the left hand and arm, hypertension and history of L4-5 fusion. Based on his examination, Dr. Gonzales opined that Plaintiff was not limited in his ability to stand, walk, or sit in an eight hour day. Plaintiff could lift 20 pounds occasionally and frequently, and can occasionally bend, stoop, crouch, etc. Plaintiff had no manipulative limitations in his right upper extremity, but could not abduct his left shoulder over 90 degrees. AR 180-184.

On January 7, 2002, State Agency physician Ernest Wong, M.D., completed a Physical Residual Functional Capacity Assessment Form. Dr. Wong opined that Plaintiff could lift and carry 20 pounds occasionally and 10 pounds frequently, stand and/or walk at least two hours in an eight hour day, and sit for a total of six hours in an eight hour day. Plaintiff could occasionally stoop, crouch and kneel AR 185-192. On September 11, 2002, State Agency physician Sadda Reddy, M.D., affirmed this opinion. AR 192.

On October 5, 2002, Plaintiff saw consultive psychiatrist Ekram Michiel, M.D. Plaintiff indicated that he had no mental problems and didn't know why he was there. Dr. Michiel diagnosed personality disorder, not otherwise specified. He opined that Plaintiff could maintain adequate attention and concentration to carry out one or two step simple job instructions, unless prevented from doing so by his physical condition. Dr. Michiel also opined that Plaintiff could relate and interact appropriately with coworkers, supervisors and the general public. He could not carry out an extensive variety of technical and/or complex instructions. AR 197-200.

On November 15, 2002, State Agency physician Archimedes Garcia, M.D., completed a Mental Residual Functional Capacity Assessment form. He opined that Plaintiff was moderately limited in his ability to understand, remember and carry out detailed instructions. Plaintiff was able to perform simple, repetitive tasks. AR 215-217.

ALJ's Findings

Despite the denial of Plaintiff's prior application, the ALJ explained that the presumption of continuing nondisability set forth in *Chavez v. Bowen* did not apply because the current application included a new alleged impairment. AR 18

The ALJ determined that Plaintiff had the severe impairments of a left rotator cuff strain, a history of L4-5 fusion, and a personality disorder. AR 18. The ALJ found that Plaintiff retained the residual functional capacity ("RFC") to lift and carry 20 pounds occasionally and 10 pounds frequently. Plaintiff was limited to occasional stooping, crouching and crawling and could maintain attention and concentration to carry out one and two step simple job instructions. AR 19. Based on this RFC, the ALJ determined that Plaintiff could perform his past work as a security guard. AR 20. Alternatively, the ALJ found that if Plaintiff could not perform any of his past relevant work, Medical Vocational Rule 201.28 would provide a framework for finding him not disabled. AR 20.

## SCOPE OF REVIEW

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act. In reviewing findings of fact with respect to such determinations, the Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Jones v. Heckler,* 760 F.2d 993, 995 (9th Cir. 1985). In weighing the evidence and making findings, the Commissioner must apply the proper legal standards. *E.g.*, *Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988). This Court must uphold the Commissioner's determination that the claimant is not disabled if the Secretary applied the proper legal standards, and if the Commissioner's findings are supported by

substantial evidence. *See Sanchez v. Sec'y of Health and Human Serv.*, 812 F.2d 509, 510 (9th Cir. 1987).

## REVIEW

In order to qualify for benefits, a claimant must establish that he is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 1382c (a)(3)(A). A claimant must show that he has a physical or mental impairment of such severity that he is not only unable to do her previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989). The burden is on the claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

In an effort to achieve uniformity of decisions, the Commissioner has promulgated regulations which contain, inter alia, a five-step sequential disability evaluation process. 20 C.F.R. §§ 404.1520 (a)-(f), 416.920 (a)-(f) (1994).[3] Applying this process in this case, the ALJ found that Plaintiff: (1) had not engaged in substantial gainful activity since the alleged onset of disability; (2) has an impairment or a combination of impairments that is considered "severe" (a left rotator cuff strain, a history of L4-5 fusion, and a personality disorder); (3) does not have an impairment or combination of impairments which meets or equals one of the impairments set forth in Appendix 1, Subpart P, Regulations No. 4; (4) can perform his past relevant work as a security guard, or, alternatively,(5) retains the RFC to perform jobs that exist in significant numbers in the national economy. AR 20-21.

---

[3] All references are to the 2000 version of the Code of Federal Regulations unless otherwise noted.

**DISCUSSION**

Plaintiff disagrees with the ALJ's finding that he can return to his past relevant work as a security guard.

Once the claimant establishes a prima facie case of disability, the burden of going forward with the evidence shifts to the Secretary. Hammock v. Bowen, 867 F.2d 1209 (9th Cir. 1989). At step four of the sequential evaluation analysis, the ALJ considers whether the claimant can perform past relevant work as actually performed, or as generally performed in the national economy. 20 C.F.R. § 404.960(b).

Here, the ALJ determined that Plaintiff had the RFC to perform his past relevant work as a security guard. AR 20. This was not error. SSR 82-61 provides that there are three possible tests for determining whether or not a claimant retains the capacity to perform his past relevant work. One of the tests identifies that "where the evidence shows that a claimant retains the RFC to perform the functional demands and job duties of a particular past relevant job [ ] she actually performed, the claimant should be found to be 'not disabled.'" SSR 82-61.

In the present case, the ALJ's finding is supported by substantial evidence. The ALJ found that Plaintiff had the RFC to lift and carry 20 pounds occasionally and 10 pounds frequently, to occasionally stoop, kneel, crouch and crawl, and to carry out one and two step simple job instructions. AR 19. Indeed, this RFC is supported by the evidence, which consists solely of consultive examiners and State Agency reviewing physicians.[4] The ALJ adopted the opinion of State Agency physicians Dr. Wong and Dr. Reddy, who opined that Plaintiff could lift and carry 20 pounds occasionally and 10 pounds frequently, stand and/or walk at least two hours in an eight hour day, sit for a total of six hours in an eight hour day, and occasionally stoop, crouch and kneel. AR 185-192. In assessing a claimant's RFC, the ALJ may rely upon the state agency physician's findings as to claimant's ability. 20 C.F.R. §§ 404.1513(c), 404.1527(f)(2)(I),

---

[4] Plaintiff explains that there are no current treating source records because he was unable to afford treatment. Even assuming that Plaintiff's inability to afford medical care equated to an actual barrier to treatment, it does not change the supporting nature of the evidence in the record.

7

416.913(c), 416.927(f)(2)(I).  Based upon this RFC, the VE testified that Plaintiff could perform his past work as a security guard.  AR 64.  20 C.F.R. § 416.960(b).

In support of his argument, Plaintiff cites a 1994 decision by the Social Security Administration to retrain him as a truck driver, and contends that this evidences the Administration's prior finding that Plaintiff could not perform his work as a security guard.  He contends that his back has not improved since that time and that his shoulder has worsened.  There is no evidence in the record of this previous finding and, in any event, the ALJ referenced Plaintiff's 1999 application for benefits and determined that the presumption of continuing disability did not apply.  AR 17-18.

Plaintiff argues extensively that his condition has deteriorated since his consultive examinations.  He contends that his left shoulder, walking abilities and mental condition have worsened and therefore prevent him from working as a security guard.  Such evidence, however, has nothing to do with this Court's review of the ALJ's decision.  If Plaintiff contends that his condition has changed, he can file a new application for benefits.

Plaintiff also cites and attaches a 1997 California Occupational Guide describing the position of security guard, prepared by the California Employment Development Department.  He then explains why he cannot perform the position as it is described.  This information is irrelevant, however, as VE testimony and the Dictionary of Occupational Titles are the only relevant information at step four.  20 C.F.R. § 416.960(b).

In his reply, Plaintiff appears to argue that the ALJ ignored "the available information of a previous injury," thereby making the VE testimony flawed.  Plaintiff bears the burden of proving that he is disabled.  *Meanel v. Apfel*, 172 F.3d 1111, 1114 (9th Cir. 1999); 20 C.F.R. § 404.1512.  While Plaintiff may have had a previous injury and related medical evidence, the period at issue here began on August 11, 1995, the onset date of his alleged disability.  AR 127.  Plaintiff had to demonstrate that, since that date, his impairments were severe and met the durational requirement of twelve months.  20 C.F.R. §§ 404.1505, 404,1520(a).  Plaintiff has failed to do so.

**CONCLUSION**

Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial evidence in the record as a whole and is based on proper legal standards. Accordingly, this Court DENIES Plaintiff's appeal from the administrative decision of the Commissioner of Social Security. The clerk of this Court is DIRECTED to enter judgment in favor of Defendant Jo Anne B. Barnhart, Commissioner of Social Security and against Plaintiff Robert Franklin Powell.


IT IS SO ORDERED.

Dated: **November 28, 2005**                         **/s/ Dennis L. Beck**
3b142a                                                              UNITED STATES MAGISTRATE JUDGE