# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT FRANKLIN POWELL,<br><br>               Plaintiff,<br><br>    v.<br><br>JO ANNE B. BARNHART, Commissioner of Social Security,<br><br>               Defendant. | 1:04cv6550 DLB<br><br>ORDER DENYING PLAINTIFF'S MOTION TO SET ASIDE VERDICT AND REOPEN CASE<br><br>(Document 27) |

On January 4, 2006, Plaintiff filed the instant request to set aside this Court's November 29, 2005, order denying his appeal from the administrative decision of the Commissioner of Social Security. Plaintiff's request is construed as a motion for reconsideration pursuant to Federal Rule of Civil Procedure 60 and Local Rule 78-230(k).

The basic principle of federal practice is that courts generally refuse to reopen what has already been decided. Magnesystems, Inc. v. Nikken, 933 F.Supp. 944, 948 (C.D.Cal. 1996), *quoting*, Messinger v. Anderson, 225 U.S. 436, 444 (1912). However, reconsideration is appropriate if the court (1) is presented with newly-discovered evidence or; (2) has committed clear error or the initial decision was manifestly unjust or; (3) if there is an intervening change in controlling law. School District No. 1J, Multnomah County v. ACandS Inc.*,* 5 F.3d 1255, 1263 (9th Cir. 1993); see also Fed. R. Civ. P. 60(b). The existence of other, highly unusual circumstances may warrant reconsideration as well. Id. Local Rule 78-230(k).

Similarly, Federal Rule of Civil Procedure 60(b) permits a court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (3) fraud . . . of an adverse party, . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). The motion for reconsideration must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken.'" Id.

Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (*en banc*). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987). The Ninth Circuit has stated that "[c]lause 60(b)(6) is residual and 'must be read as being exclusive of the preceding clauses.'" LaFarge Conseils et Etudes, S.A. v. Kaiser Cement, 791 F.2d 1334, 1338 (9th Cir. 1986), *quoting* Corex Corp. v. United States, 638 F.2d 119 (9th Cir. 1981). Accordingly, "the clause is reserved for 'extraordinary circumstances.'" *Id.*

Plaintiff has failed to set forth facts to warrant the requested relief. Plaintiff concedes that his motion is not based upon "any mistakes by the court," but instead contends that the Court was mislead by the Attorney General of the United States. Plaintiff argues that this court "was manipulated into rendering a verdict favorable to the Defendant through the withholding of evidence." Motion, at 1. According to Plaintiff, counsel did not provide the court with a complete administrative record. Plaintiff generally references medical evidence from 1990-1991. However, as explained in the order, the relevant period at issue here began on August 11, 1995, the onset date of his alleged disability. Nor is there any evidence that this information was part of the administrative record in the instant case.

Accordingly, Plaintiff has failed to demonstrate extraordinary circumstances that would support relief from judgment. Plaintiff's motion is therefore DENIED.

IT IS SO ORDERED.

Dated:     **January 10, 2006**                              **/s/ Dennis L. Beck**
3b142a                                                               UNITED STATES MAGISTRATE JUDGE