# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT FRANKLIN POWELL, ) | 1:04cv6550 DLB |
| ) | |
| Plaintiff, ) | ORDER DENYING PLAINTIFF'S REQUEST TO REOPEN CASE |
| v. ) | |
| ) | (Document 29) |
| JO ANNE B. BARNHART, Commissioner ) of Social Security, ) | |
| ) | |
| Defendant. ) | |

On November 29, 2005, the Court denied Plaintiff's appeal from the administrative decision of the Commissioner of Social Security.

On January 4, 2006, Plaintiff filed a request to set aside the Court's November 29, 2005, judgment. Plaintiff argued that the United States Attorney did not provide the Court with a complete administrative record. The Court denied Plaintiff's request on January 11, 2006.

Plaintiff filed another request to reopen the case on January 20, 2006. He repeats his contention that the United States Attorney withheld evidence and provided this Court with an incomplete record. Pursuant to Court order, Defendant filed its opposition on February 15, 2006.

## DISCUSSION

Plaintiff's request is construed as a motion for reconsideration pursuant to Federal Rule of Civil Procedure 60 and Local Rule 78-230(k).

The basic principle of federal practice is that courts generally refuse to reopen what has already been decided. <u>Magnesystems, Inc. v. Nikken</u>, 933 F.Supp. 944, 948 (C.D.Cal. 1996), *quoting*, <u>Messinger v. Anderson</u>, 225 U.S. 436, 444 (1912).  However, reconsideration is appropriate if the court (1) is presented with newly-discovered evidence or; (2) has committed clear error or the initial decision was manifestly unjust or; (3) if there is an intervening change in controlling law.  <u>School District No. 1J, Multnomah County v. ACandS Inc.</u>, 5 F.3d 1255, 1263 (9th Cir. 1993); <u>see</u> also Fed. R. Civ. P. 60(b).  The existence of other, highly unusual circumstances may warrant reconsideration as well.  <u>Id</u>. Local Rule 78-230(k).

Similarly, Federal Rule of Civil Procedure 60(b) permits a court to relieve a party from a final order or judgment on grounds of:  "(1) mistake, inadvertence, surprise, or excusable neglect; (3) fraud . . . of an adverse party, . . . or (6) any other reason justifying relief from the operation of the judgment."  Fed. R. Civ. P. 60(b).  The motion for reconsideration must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken.'"  <u>Id</u>.

Motions to reconsider are committed to the discretion of the trial court.  <u>Combs v. Nick Garin Trucking</u>, 825 F.2d 437, 441 (D.C. Cir. 1987); <u>Rodgers v. Watt</u>, 722 F.2d 456, 460 (9th Cir. 1983) (*en banc*).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  <u>See</u>, e.g., <u>Kern-Tulare Water Dist. v. City of Bakersfield</u>, 634 F.Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).  The Ninth Circuit has stated that "[c]lause 60(b)(6) is residual and 'must be read as being exclusive of the preceding clauses.'"  <u>LaFarge Conseils et Etudes, S.A. v. Kaiser Cement</u>, 791 F.2d 1334, 1338 (9th Cir. 1986), *quoting* <u>Corex Corp. v. United States</u>, 638 F.2d 119 (9th Cir. 1981).  Accordingly, "the clause is reserved for 'extraordinary circumstances.'"  *Id.*

Plaintiff has not set forth facts that warrant relief under Rule 60(b).  He argues that the Attorney General purposely withheld records for the period 1990 through 1997 "to the detriment of Plaintiff for no good reason other than to 'win by default.'" Motion, at 2.  The application at issue in this action was filed on August 23, 2001.  After a hearing, the ALJ denied benefits on

October 30, 2003. Prior to that application, Plaintiff filed an application on March 31, 1998, which was denied on November 23, 1999. The 1999 decision superceded the findings in any prior decisions, i.e., the 1990 and 1997 decisions that Plaintiff references, and therefore makes evidence from that period irrelevant. See eg., Chavez v. Bowen, 844 F.2d 691, 693 (9th Cir. 1988).

Nor has Plaintiff demonstrated any fraud or misrepresentation by Defendant.

Accordingly, Plaintiff's motion is DENIED.

IT IS SO ORDERED.

Dated:    February 17, 2006            /s/ Dennis L. Beck
3b142a                                 UNITED STATES MAGISTRATE JUDGE

3